UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ANNIE MAE MILLSAPP,

        Plaintiff,

  v.                                       Case No. 18-cv-1819-pp

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

        Defendant.

---

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF FILING FEE (DKT. NO. 2), ORDERING PLAINTIFF TO FILE AMENDED COMPLAINT NO LATER THAN END OF DAY FEBRUARY 22, 2019 AND DENYING MOTION TO APPOINT COUNSEL (DKT. NO. 5)**

---

The plaintiff has filed a complaint, dkt. no. 1, a motion for leave to proceed without prepaying the filing fee, dkt. no. 2 and a motion asking the court to appoint a lawyer to represent her, dkt. no. 5.

**Application to Proceed Without Prepaying the Filing Fee**

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

The plaintiff says that she is not employed; she reports that she and her husband each get $725/month from SSI payments. Dkt. No. 2 at 1-2. The plaintiff says that she is responsible for supporting her brother "Milton Lee Robinson." Id. at 1. The plaintiff does not report paying rent or a mortgage, but she mentions something at the end of the application about some houses that

1

were purchased through her "allotment" from "heirship rights" of her forefathers, who were veterans, and says that the allotment and money were "stolen" by "federal employees." Id. at 4. The plaintiff reports that she has expenses of $840 a month for food, gas, copies and a phone bill. Id. at 2-3.

While the court does not understand how the plaintiff has no housing expenses, and while she does not explain how much money she pays each month to support her brother, the court concludes that at this stage, the plaintiff does not have the money to pay the $350 filing fee and the $50 administrative fee.

**Allegations in the Complaint**

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 Fed. 1050, 1056 (7th Cir. 1993)).

The law allows someone who has applied for Social Security benefits to ask the district court to review a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision if the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The court cannot allow the plaintiff to proceed on the complaint she has filed. It appears that the plaintiff has taken two forms, and used part of each to create her complaint. The first two page of the complaint are written on a form

provided by the Eastern District of Wisconsin's Clerk's Office titled "Complaint for Review of a Final Decision By The Commissioner of the Social Security Administration." Dkt. No. 1 at 1-2. On the second page of that form (and of the complaint), the plaintiff checked both the box for "Disability Insurance (SSDI or Widow/Widower)," and the box for "Other." Id. at 2. Next to the box for "Other," the plaintiff wrote, "survivals benefits/the Federal employees is using my heirship rights and benefits through my social security," and she included a four-digit number and her date of birth. Id. at 2.

After page two, it appears that the plaintiff stopped using the Social Security form. Page three of the plaintiff's complaint is a printout of a list of her seven previously filed cases in the Eastern District of Wisconsin (two of which are still open). Id. at 3. For pages four through six, it appears that the plaintiff used this district's civil complaint form for unrepresented litigants titled "COMPLAINT (for non-prisoner filers without lawyers)." Id. at 4-6. In the "statement of claim" section on page 4, the plaintiff makes allegations about stopping the Department of Motor Vehicles from giving her a driver's license and identification card; sending applications verifying employment for Milton Wright to cut off his check; stealing from deceased veterans using the plaintiff's name and Social Security number; stopping her from receiving her back pay of FoodShare for twenty years; and deleting her date of birth and Social Security number from the state system. Id. at 4. She goes on to talk about government fraud and tax fraud. Id. at 5. She does mention Social Security benefits—she says that Social Security acknowledged her disability on June 26, 2005 "and

3

money paid for but dated 2004 of receiving Social Security benefits," but says she did not receive "a dime" until 2007. Id. She also alleges that "they"—perhaps "Bob Trotter, Mr. Torres, Mrs. Marcoux," whom she refers to as "Federal employees"—had the Milwaukee Police have her brothers Henry and Lashon "support their story of the plaintiff being crazy so that the SSI would prove no tree ever hit [her] 5 year old and [her] cause brain damage." Id.

The plaintiff says that she is suing for a violation of federal law; she asks for "life in prison," "800,00000000,00000000," background checks, and various orders (including an order requiring her to be called Annie Mae and an order requiring the federal government to build her a house to replace the one she was forced out of when she stopped the assassination of President Barak Obama—relief she also requests in Millsapp v. Fricker, *et al.*, Case No. 18-cv-1656-DEJ). Id. at 6. Nowhere on pages four through six does she mention the Commissioner of Social Security, or allege that the Commissioner made errors made in deciding the plaintiff's claim for benefits.

On page seven, the plaintiff returns to using the clerk's office's Social Security form; she says she is asking the court to review the decision of an administrative law judge issued June 26, 2006 and an Appeals Council's notice dated 2007, and she asks the court to "please see attachment" for any additional facts explaining why she is entitled to relief. Id. at 7. There is no attachment.

The form titled "Complaint for Review of a Final Decision by the Commissioner of the Social Security Administration"—the form the plaintiff

4

used for pages one, two and seven—is a form for people who have applied to the Social Security Administration for benefits—like SSI or survivors' benefits—and been denied. This form allows someone who has been denied benefits to "appeal" the Commissioner's decision to deny the benefits.

The form titled "COMPLAINT (for non-prisoner filers without lawyers)"—the form the plaintiff used for pages three through six—is for general federal lawsuits. A person should use that form if they want to sue someone for violating a federal law.

It appears to the court that the plaintiff is not trying to appeal a decision of the Social Security Commissioner. In fact, it appears that the plaintiff applied for benefits and got a decision from the Commissioner saying that she was entitled to the benefits. It appears that she is complaining about not getting the benefits in a timely fashion. She also seems to be complaining that various people did other things to cause her damage. She repeatedly mentions "federal employees," and in the body of the complaint, she names Patricia Ann Fricker, Adam Stephen, Benjamin Baldwin, Bob Trotter, Mr. Torres and Mrs. Marcoux. But she does not explain who these people are—for whom do they work? What role did they play in allegedly violating the law? When did they do whatever it was they did?

The court is going to order the plaintiff to amend her complaint. If the plaintiff wants to sue specific people for violating certain federal laws, she needs to use the form titled "COMPLAINT (for non-prisoner filers without lawyers)," and all the pages of her complaint should be from that form. On the

first page of that complaint, she needs to list the name of every person she wishes to sue. In the body of the complaint, she needs to tell the court what each of those people did to violate the federal laws, and when they did it.

If, on the other hand, the Commissioner of Social Security denied the plaintiff benefits and she wants to appeal that denial, she should use the form entitled "Complaint for Review of a Final Decision by the Commissioner of the Social Security Administration," and all the pages of her complaint should be from that form. She should explain in the form what mistakes the Commissioner made in denying her the benefits to which she thinks she is entitled.

Whichever form the plaintiff chooses, she should write the word "amended" at the very top of the first page of the form. She must not mix and match the forms—she must use one or the other. The court is enclosing with this order a copy of the general civil complaint form, the Social Security appeal form and the instructions for both. The court encourages the plaintiff to review both forms and the instructions, and decide which one she wishes to file, before she amends her complaint. The court will give the plaintiff a deadline by which to file the amended complaint. If the court does not receive the amended complaint by the deadline, the court will dismiss the plaintiff's case for failure to state a claim.

**Motion to Appoint a Lawyer**

The plaintiff has asked the court to appoint her a lawyer "due to poverty," and has asked for a jury trial. Dkt. No. 5 at 1. Her motion repeats many of the

allegations in her complaint, including her allegation that federal employees are using an "allotment" of over eight hundred trillion dollars to keep police from investigating various crimes and violations. Id. at 1-2.

In a civil case, the court has discretion to recruit a lawyer for someone who cannot afford one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013). The court does not have money to hire lawyers for civil plaintiffs. Because there are not enough volunteer lawyers to represent every civil party who asks for one, the court must carefully consider each request to determine when to appoint counsel. For a court to consider appointing counsel to represent a civil party, the party first must make reasonable efforts to hire private counsel on her own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). In this district, a party can satisfy this requirement by demonstrating that she has contacted three or more lawyers who declined to represent her. She can demonstrate that she contacted the lawyers by providing the court with (1) the attorneys' names, (2) their addresses, (3) the date and way the plaintiff attempted to contact them, and (4) the attorneys' responses.

Once the party demonstrates that she has made reasonable attempts to hire counsel on her own, the court must decide "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 718 F.3d at 696 (citing Pruitt, 503 F.3d at 655). The court looks not only at the party's ability to try her case, but also at her ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." Id.

7

"[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

The court will deny the plaintiff's request at this time, because she has not demonstrated that she has tried to hire a lawyer on her own. The court will deny the request without prejudice—that means that she can renew the motion in the future.

The plaintiff also asked for a jury trial. The plaintiff has made a record that, if the case proceeds that far, she wants a jury trial. There is nothing more that she needs to do about this request right now.

**Conclusion**

The court **GRANTS** the plaintiff's motion for leave to proceed without paying the filing fee. Dkt. No. 2.

The court **ORDERS** that the plaintiff shall file an amended complaint, using either of the enclosed forms (but not mixing parts of each), by the end of the day on **Friday, February 22, 2019**. If the court does not receive an amended complaint that complies with the terms of this order from the plaintiff by the end of the day on February 22, 2019, the court may dismiss the case on the next business day for failure to state a claim, and under Civil Local Rule 41 for failure to diligently pursue it.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 5.

Dated in Milwaukee, Wisconsin this 29th day of January, 2019.

BY THE COURT:

**HON. PAMELA PEPPER**
**United States District Judge**